Gray E. Petty (Utah Bar # 13838)
**HALL LABS, LLC**
3000 Sierra Vista Way, Provo UT 84606
Telephone: (385) 482-0246
Email: gpetty@halllabs.com

Charles L. Roberts (Utah Bar #5137)
**WASATCH-IP, A PROFESSIONAL CORP.**
2825 E. Cottonwood Parkway, Suite 500
Salt Lake City, UT 84121
Telephone: (801) 292-5300
Facsimile: (801) 506-6699
Email: croberts@wasatch-ip.com

*Attorneys for Hall Labs, LLC and SmarterHome, Inc.*

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| HALL LABS, LLC, and SMARTERHOME, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> HUNTER DOUGLAS N.V., HUNTER DOUGLAS INDUSTRIES B.V., HUNTER DOUGLAS Inc., HUNTER DOUGLAS FABRICATION COMPANY, LEVOLOR, Inc., TIMBERBLINDS, LLC, HOME TOUCH WINDOW FASHIONS, Inc., ALLIED FURNISHINGS, LLC, WALLPAPER WAREHOUSE Corp., ASPEN BLINDS, LLC, KAZA, Inc., and DESIGNER FUNITURE WAREHOUSE, Inc., <br><br> Defendants. | **COMPLAINT FOR PATENT INFRINGEMENT** <br><br> (Jury Trial Demanded) <br><br> Civil Action No.: 2:22-cv-00428-JNP <br><br> Judge: Jill N. Parrish |

Plaintiffs, Hall Labs, LLC ("Hall Labs") and SmarterHome, Inc. ("SmarterHome"), through their legal counsel, complain against defendants Hunter Douglas N.V., Hunter Douglas

1

Industries B.V., Hunter Douglas Inc., Hunter Douglas Fabrication Company, Levolor, Inc., and Timberblinds, LLC (collectively "The Hunter Douglas Group Defendants"), and against Home Touch Window Fashions, Inc., Allied Furnishings, LLC, Wallpaper Warehouse Corp., Aspen Blinds, LLC, Kaza, Inc., and Designer Furniture Warehouse, Inc. (collectively the "Hunter Douglas Gallery Dealer Defendants"), as follows.

## NATURE OF THE ACTION

1. This is an action for patent infringement pursuant to 35 U.S.C. §271.

## PARTIES

2. Hall Labs is a Utah limited liability company with a principal place of business at 3000 Sierra Vista Way, Provo, Utah 84606. Hall Labs is in the business of innovation. Since its inception in 2015, it has launched more than 10 companies and filed over 900 U.S. Patent Applications to cover the products and systems of those companies. Its website (www.halllabs.com) shows the breadth of the technologies and companies that have been developed by Hall Labs. One such company is SmarterHome, Inc., which produces and sells, among other things, automated window coverings.

3. SmarterHome, Inc. is a Utah Corporation with a principal place of business at 3000 Sierra Vista Way, Provo, Utah 84606. Launched in 2015 under the name MySmartBlinds, Inc., SmarterHome today is the exclusive licensee of over 50 U.S. Patents owned by Hall Labs and directed to automated windows and window coverings. Sales by SmarterHome of window coverings were about $2.8M in 2021, up from about $2.4M in 2020. Its website (www.mysmarterhome.com) lists its products, including automated blinds and roller shades.

4. On information and belief, Hunter Douglas N.V. is a corporation organized under the laws of Curaçao with its Registered Office at Dokweg 19, Willemstad Curaçao, and having its Head Office at Piekstraat 2 3071 EL, Rotterdam, ZUID-HOLLAND Netherlands. According to the 2020 Hunter Douglas Annual Report, Hunter Douglas N.V. is the worldwide Group Parent Company for the Hunter Douglas Group, which, according to the same report, consists of 134

companies with 47 manufacturing and 87 assembly operations and marketing organizations in more than 100 countries.

5. On information and belief, Hunter Douglas Industries B.V. is a Dutch Company with its principal place of business at Piekstraat 2 3071 EL, Rotterdam, ZUID-HOLLAND Netherlands, and is a member of the Hunter Douglas Group headed by Hunter Douglas N.V. Upon information and belief, Hunter Douglas Industries B.V. is the company within the Hunter Douglas Group that is responsible for research and development of new products, as well as manufacturing certain Hunter Douglas products.

6. On information and belief, Defendant Hunter Douglas Inc. is a Delaware Corporation headquartered at 1 Blue Hill Plaza, Pearl River, NY 10965 and, on information and belief, does business in this District through its business divisions Custom Brands Group and Alta Window Fashions, both located at 111 Apollo Rd., Salt Lake City, UT 84116. On information and belief, Hunter Douglas Inc. is a member of the Hunter Douglas Group headed by Hunter Douglas N.V. Upon information and belief, Hunter Douglas Inc. has responsibility for manufacturing, marketing, and sales of Hunter Douglas products in the U.S.

7. On information and belief, Defendant Hunter Douglas Fabrication Company is a California Corporation with a manufacturing facility at 111 Apollo Rd., Salt Lake City, UT 84116. Hunter Douglas Fabrication Company is held out to be a member of the Hunter Douglas Group headed by Hunter Douglas N.V.

8. On information and belief, Defendant Levolor, Inc. is a Delaware Corporation with manufacturing facilities at 1330 West 3300 South, Ogden, UT and 111 Apollo Rd., Salt Lake City, UT 84116. Inc. is held out to be a member of the Hunter Douglas Group headed by Hunter Douglas N.V.

9. On information and belief, Timberblinds, LLC is a Texas limited liability company with its principal place of business at 800 Elm St., McKinney, TX 75069. On information and belief, Timberblinds, LLC is held out to be a member of the Custom Brands Group, and according to the Timberblinds website (www.timberblinds.com), Timberblinds is a part of Alta Window

3

Fashions, which is also a member of Custom Brands Group, which is held out to be a division of the Hunter Douglas Group headed by Hunter Douglas N.V.

10. On information and belief, Home Touch Window Fashions, Inc. is a Utah Corporation with its principal place of business at 6839 South 1300 East, Cottonwood Heights, UT 84121. Home Touch Window Fashions, Inc. is held out to be a Hunter Douglas Gallery Dealer.

11. On information and belief, Allied Furnishings, LLC is a Utah limited liability company with its principal place of business at 107 North Main, Bountiful, UT 84010. Allied Furnishings, LLC is held out to be a Hunter Douglas Gallery Dealer.

12. On information and belief, Defendant Wallpaper Warehouse Corporation, doing business as Utah Blinds Gallery is a Utah Corporation with its principal place of business at 9301 South 700 East, Sandy, UT 84070 and at least one additional sales location at 250 West 2100 South, Ste H, Salt Lake City, UT 84115. Utah Blinds Gallery is held out to be a Hunter Douglas Gallery dealer.

13. On information and belief, Aspen Blinds, LLC, is a Utah limited liability company with its principal place of business at 594 East 800 South Suite B, Orem, UT 84097. Aspen Blinds, LLC is held out to be a Hunter Douglas Gallery Dealer.

14. On information and belief, Kaza, Inc., doing business as Park City Blind, is a Utah corporation with its principal place of business at 1612 Ute Blvd. #109, Park City, UT 84098. Park City Blind is held out to be a Hunter Douglas Gallery Dealer.

15. On information and belief, Designer Furniture Warehouse, Inc., doing business as Designer Furniture Gallery, is a Utah company with its principal place of business at 170 North 400 East, Saint George, UT 84770, and a sales location at the same address. Designer Furniture Gallery is held out to be a Hunter Douglas Gallery Dealer.

## SUBJECT MATTER JURISDICTION

16. This is an action for patent infringement arising under the patent laws of the United States of America, Title 35, United States Code. This Court has original and exclusive jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

## PERSONAL JURISDICTION

17. This Court has personal jurisdiction over The Hunter Douglas Group Defendants and The Utah Hunter Douglas Gallery Dealer Defendants because, *inter alia*, The Hunter Douglas Group Defendants and The Utah Hunter Douglas Gallery Dealer Defendants have conducted and continue to conduct business in this judicial district, either directly, or through their subsidiaries, agents, and/or affiliates including, upon information and belief, by marketing, selling, offering for sale, importing, and manufacturing window coverings, headrails for window coverings, and/or devices for connecting to and controlling window coverings, that infringe one or more of the patents in suit, in the District of Utah and by placing such products into the stream of commerce with the knowledge that such products will be marketed, sold and/or used within this district with the intent or purpose to serve the market for such products in this district.

18. This Court has personal jurisdiction over Hunter Douglas N.V. because, upon information and belief, Hunter Douglas N.V. has purposefully directed efforts to the forum by marketing, selling, offering for sale, importing, manufacturing, and/or licensing window coverings, headrails for window coverings, and devices for connecting to and controlling window coverings, that infringe at least one of the patents in suit, for itself, or has directed and continues to direct its subsidiaries, agents, and/or affiliates, including but not limited to, The Utah Hunter Douglas Gallery Dealer Defendants, Levolor, Inc., and Hunter Douglas Fabrication Company in the District of Utah.

19. This Court has personal jurisdiction over Hunter Douglas Industries B.V. because, upon information and belief, Hunter Douglas Industries B.V., as a member of the Hunter Douglas Group headed by Hunter Douglas N.V., has purposefully directed efforts to the forum by marketing, selling, offering for sale, importing, manufacturing, and/or licensing window

coverings, headrails for window coverings, and devices for connecting to and controlling window coverings, that infringe at least one of the patents in suit, for itself or as it has directed and continues to direct its subsidiaries, agents, and/or affiliates, including but not limited to, The Utah Hunter Douglas Gallery Dealer Defendants, Levolor, Inc., and Hunter Douglas Fabrication Company to market, sell, offer for sale, import, manufacture, and/or license window coverings, headrails for window coverings, and devices for connecting to and controlling window coverings, that infringe at least one of the patents in suit, in the District of Utah.

20. This Court has personal jurisdiction over Hunter Douglas Inc. because, upon information and belief, Hunter Douglas Inc., as a member of The Hunter Douglas Group headed by Hunter Douglas N.V., has purposefully directed efforts to the forum by marketing, selling, offering for sale, importing, manufacturing, and/or licensing window coverings, headrails for window coverings, and devices for connecting to and controlling window coverings, that infringe at least one of the patents in suit, for itself or it has directed or continues to direct its subsidiaries, agents, affiliates, and/or divisions, including but not limited to, The Utah Hunter Douglas Gallery Dealer Defendants, Levolor, Inc., Custom Brands Group, and Alta Window Fashions, to market, import, sell, offer for sale, manufacture, and/or license window coverings, headrails for window coverings, and devices for connecting to and controlling window coverings, that infringe one or more of the patents in suit, in the District of Utah.

21. This Court has personal jurisdiction over Hunter Douglas Fabrication Company because, upon information and belief, Hunter Douglas Fabrication Company, as a member of The Hunter Douglas Group headed by Hunter Douglas N.V., imports, manufactures, markets, sells and/or offers to sell window coverings, headrails for window coverings, and devices for connecting to and controlling window coverings, that infringe at least one of the patents in suit, in the District of Utah.

22. This Court has personal jurisdiction over Levolor, Inc. because, upon information and belief, Levolor, Inc. imports, manufactures, markets, sells and/or offers to sell window coverings, headrails for window coverings, and devices for connecting to and controlling window coverings, that infringe at least one of the patents in suit, in the District of Utah.

23. This Court has personal jurisdiction over each of the Hunter Douglas Gallery Dealer Defendants because, upon information and belief, each of the Utah Hunter Douglas Gallery Dealer Defendants markets, imports, sells, and/or offers to sell devices for connecting to and controlling window coverings, that infringe at least one of the patents in suit, in the District of Utah.

24. This Court has personal jurisdiction over Timberblinds, LLC because, upon information and belief, for itself or through its dealers, Timberblinds, LLC has directed efforts to the forum by marketing, selling, offering for sale, and/or importing devices for connecting to and controlling window coverings, that infringe one or more of the patents in suit, in the District of Utah.

## VENUE

25. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400.

26. Venue is proper for Hunter Douglas N.V. and Hunter Douglas Industries B.V. under §1391(c)(3) because they are not resident in the United States.

27. Venue is proper for Hunter Douglas Inc. because, on information and belief, Hunter Douglas Inc. has committed acts of infringement within the District by marketing, selling, offering for sale, and/or importing, window coverings headrails for window coverings, and/or devices for connecting to and controlling window coverings or by directing subsidiaries or other divisions and business units of Hunter Douglas Inc., including but not limited to Levolor, Inc., Custom Brands Group, and Alta Window Fashions, to market, sell, offer for sale, and/or import devices for connecting to and controlling window coverings and components for installing window coverings in this district. Upon information and belief, Hunter Douglas Inc. does business in this District as Custom Brands Group and Alta Window Fashions and has a regular and established place of business in this District at 111 Apollo Rd., Salt Lake City, Utah 84106.

28. In addition, venue is proper for Hunter Douglas Inc. because, upon information and belief, the locations of the Hunter Douglas Gallery Dealers are physical places of business that

7

are regular and established places of business of Hunter Douglas Inc. within the District. Upon information and belief, the Hunter Douglas Gallery Dealers are agents of Hunter Douglas Inc., either by being the agents of Hunter Douglas Inc., or through ratification of the actions of the Hunter Douglas Gallery Dealers by Hunter Douglas Inc.

29. Venue is proper for Hunter Douglas Fabrication Company, because, upon information and belief, Hunter Douglas Fabrication Company has committed acts of infringement within the District by marketing, selling, offering for sale, making, and/or importing, window coverings, headrails for window coverings devices for connecting to and controlling window coverings in this district. Upon information and belief, Hunter Douglas Fabrication Company has a regular and established place of business in this District.

30. Venue is proper for Levolor, Inc., because, upon information and belief, it has committed acts of infringement within the District by marketing, selling, offering for sale, and/or importing devices for connecting to and controlling window coverings in this district. Upon information and belief, Levolor, Inc., has a regular and established place of business in this District.

31. Venue is proper for Timberblinds, LLC because, on information and belief, Timberblinds, LLC has committed acts of infringement within the District by marketing, selling, offering for sale, and/or importing devices for connecting to and controlling window coverings, or by being a part of Custom Brands Group which has committed acts of infringement by marketing, selling, offering for sale, and/or importing devices for connecting to and controlling window coverings in this district. Upon information and belief Timberblinds, LLC is a member of Custom Brands Group, and therefore the locations of Custom Brands Group in the District are regular and established places of business of Timberblinds, LLC in this District.

32. Venue is proper for the Utah Hunter Douglas Gallery Dealer Defendants because each of the Utah Hunter Douglas Gallery Dealer Defendants has committed acts of infringement in this district by marketing, selling, offering for sale, and/or importing devices for connecting to and controlling window coverings in this district. Each of the Utah Hunter Douglas Gallery Dealer Defendants has a regular and established place of business in this district.

## THE PATENTS IN SUIT

**U.S. Patent No. 9,670,722 (the 722 Patent)**

33. U.S. Patent No. 9,670,722, entitled Lever Arm Assembly for a Window Covering, was duly and legally issued by the U.S. Patent and Trademark Office ("USPTO") on June 6, 2017 from an application filed on March 17, 2016. A true and correct copy of the 722 patent is attached as Exhibit A with a claim chart showing its infringement attached as Exhibit B.

34. The 722 Patent is directed to a window covering with a headrail that can be installed without the use of tools.

35. Hall Labs is the assignee of all rights to the 722 patent.

36. SmarterHome sells products covered by the 722 patent under an exclusive license from Hall Labs.

**U.S. Patent No. 10,458,449 (the 449 Patent)**

37. U.S. Patent No. 10,458,449, entitled Compression Adjustment Mechanism for Headrail, was duly and legally issued by the USPTO on October 29, 2019 from an application filed on May 10, 2017. A true and correct copy of the 449 patent is attached as Exhibit C with a claim chart showing its infringement attached as Exhibit D.

38. The 449 Patent is likewise directed to a window covering with a headrail that can be installed without the use of tools.

39. Hall Labs is the assignee of all rights to the 449 patent.

40. SmarterHome sells products covered by the 449 patent under an exclusive license from Hall Labs.

**U.S. Patent No. 10,626,668 (the 668 Patent)**

41. U.S. Patent No. 10,626,668, entitled Low Power Hub Wireless Control of Motorized Window Coverings, was duly and legally issued by the USPTO on April 21, 2020 from an application filed on October 20, 2017. A true and correct copy of the 668 patent is attached as Exhibit E with claim charts showing infringement as Exhibit F and Exhibit G.

42. The 668 Patent is directed to a system for wirelessly controlling motorized window coverings, which makes use of a mobile device running an app, a hub, a local area network (LAN), and a personal area network (PAN).

43. Hall Labs is the assignee of all rights to the 668 patent.

44. SmarterHome sells products covered by the 668 patent under an exclusive license from Hall Labs.

**Background**

45. On information and belief, the collection of companies under the direction of Hunter Douglas N.V. is referred to by all Hunter Douglas entities as "the Hunter Douglas Group." Within the context of this complaint, the Hunter Douglas Group includes Hunter Douglas N.V., Hunter Douglas Industries B.V., Hunter Douglas Inc., Hunter Douglas Fabrication Company, Levolor, Inc., and Timberblinds LLC. Support for this designation can be found in the Hunter Douglas annual report, in literature such as the Hunter Douglas website https://www.hunterdouglasgroup.com, and by looking at its stock abbreviation HDG.AMS.

46. Hunter Douglas N.V., Hunter Douglas Industries B.V., and Hunter Douglas Inc., (hereinafter "The Headrail Defendants") through at least its member Hunter Douglas Industries B.V., on information and belief, became interested in providing its customers with a window covering that could be installed without the use of tools. Such a window covering including a no-tools headrail was developed in the Netherlands by Hunter Douglas Industries B.V. and a U.S. Patent Application for this headrail design was filed in 2018, claiming priority to a European Application filed in 2017. This application matured into U.S. Patent No. 10,934,771, entitled

"Mounting Element for Mounting an Architectural Covering Between Opposing Mounting Surfaces" (The 771 Patent is attached hereto as Exhibit H). According to USPTO records, the 771 patent is assigned to Hunter Douglas Industries B.V., and Hunter Douglas Inc. is listed as an "agent" for the patent applicant at the USPTO.

47. In 2019, Hunter Douglas announced a deal to acquire a 30 percent share, along with the option to purchase the remaining 70 percent, of Select Blinds LLC ("Select Blinds"). Upon information and belief, as of July 9, 2021 Hunter Douglas Inc. was the owner of U.S. Trademark Registration No. 4,644,616 for the mark "SELECT BLINDS" and U.S. Trademark Registration No. 3,813,237 for the mark "SELECTBLINDS". Select Blinds is a company located in Tempe, Arizona, which, upon information and belief, caters to the do-it-yourself (DIY) and direct-to-consumer (DTC) markets. As such, Select Blinds was the perfect outlet for the Hunter Douglas newly designed headrail that could be installed without tools. In fact, Select Blinds offers the "NO-TOOLS HEADRAIL" for sale on its website (https://www.selectblinds.com/shop-by-feature/no-tools-needed-blinds-and-shades.html). Select Blinds sells, offers to sell, and delivers the No-Tools Headrail to locations throughout the United States, including in the District of Utah.

48. Upon information and belief and in view of Hunter Douglas' 771 patent and Hunter Douglas' ownership share of Select Blinds, and other indicia of Hunter Douglas' control over Select Blinds, including but not limited to Hunter Douglas Inc.'s ownership of the "SELECT BLINDS" and "SELECTBLINDS" trademark registrations, The Headrail Defendants either directly and/or through their subsidiaries, agents, affiliates, etc., have directed and continue to direct their subsidiaries, agents, and/or affiliates to license, offer to sell, sell, manufacture, and/or import the No-Tools Headrail throughout the United States, including in the District of Utah.

49. Upon information and belief, Hunter Douglas N.V., Hunter Douglas Industries B.V., Hunter Douglas Inc., Hunter Douglas Fabrication Company, Levolor, Inc., and Timberblinds, LLC (hereinafter "The Hub Defendants") likewise became interested in providing to their customers a system for wirelessly controlling motorized window coverings. Thereafter, The Hub Defendants introduced systems for wirelessly controlling motorized window coverings, including but not limited to a system they have designated the PowerView® system, including

the PowerView® Hub. The Hub Defendants have sold and continue to sell, offer to sell, manufacture and/or import the PowerView® Hub, at least through the Utah Hunter Douglas Gallery Dealer Defendants. As detailed below, the PowerView® system with the PowerView® Hub Gen 2 and the PowerView® Hub Gen 3, infringe the 668 patent.

50. Upon information and belief, Defendants Levolor, Inc. and Timberblinds, LLC also sell, offer to sell, import, and/or manufacture systems for wirelessly controlling window coverings, including but not limited to, the system marketed under the name "Otto™ Wi-Fi Bridge" (hereinafter Otto Wi-Fi Bridge). Upon information and belief, Levolor, Inc. has sold and continues to sell the Otto Wi-Fi Bridge through its authorized dealers to locations throughout the United States and in the District of Utah. On information and belief, Timberblinds, LLC has sold and continues to sell the Otto Wi-Fi Bridge through its authorized dealers, and delivers the Otto Wi-Fi Bridge to locations throughout the United States and in the District of Utah. Upon information and belief, Levolor, Inc.'s trademarks are owned by Hunter Douglas Industries B.V. Upon information and belief, The Hub Defendants directed, or at a minimum approved, Levolor, Inc. and Timberblinds, LLC to market, sell, offer to sell, and/or import the Otto Wi-Fi Bridge to customers of Levolor, Inc. and Timberblinds, LLC.

51. Upon information and belief, Hunter Douglas Inc., through its division, Custom Brands Group, operates a customer service call center and a credit department in Utah. Upon information and belief, the customer service call center accepts calls for Hunter Douglas, Levolor, Inc., and Alta Window Fashions products, including the PowerView® Hub Gen 2 and the Otto Wi-Fi Bridge. Upon information and belief, the customer service call center provides information regarding the use of the PowerView® Hub Gen 2 and the Otto Wi-Fi Bridge. Upon information and belief, the credit department offers financing for Hunter Douglas, Levolor, Inc., and Alta Window Fashions products, including the PowerView® Hub Gen 2 and the Otto Wi-Fi Bridge.

## Count I – INFRINGEMENT OF THE 722 PATENT

52. Plaintiffs repeat and re-allege paragraphs 1 – 51 above as if fully set forth herein.

53. On information and belief, The Headrail Defendants have directly or indirectly infringed one or more claims of the 722 patent either literally or under the doctrine of equivalents, under 35 U.S.C. §§ 271(a), (b), and/or (c), by designing, marketing, manufacturing, importing, selling, and/or offering for sale window coverings that infringe one or more claims of the 722 patent. These window coverings include, but are not limited to, the Select Blinds No-Tools Headrail system.

54. With regard to direct infringement, The Headrail Defendants, either directly or through their subsidiaries, agents, and/or affiliates, have directly infringed, and continue to directly infringe, either literally or under the doctrine of equivalents, at least one claim of the 722 Patent under 35 U.S.C. § 271(a) by making, using, selling, offering for sale and/or importing window coverings, headrails for window coverings, and components thereof within the United States, and/or by importing window coverings, headrails for window coverings, and components thereof into the United States. Exhibit B to this Complaint is a claim chart setting forth a non-limiting example of The Headrail Defendants' infringement of claim 1 of the 722 patent, based on Plaintiffs' current information and belief.

55. With regard to indirect infringement, The Headrail Defendants have actively induced, and continue to actively induce, infringement of at least one claim of the 722 Patent under 35 U.S.C. § 271(b) by, among other things, actively and knowingly aiding and abetting others (including Select Blinds and Hunter Douglas' authorized dealers and retailers, consumers, and end users) to directly infringe the apparatus claims of the 722 patent, with the specific intent to encourage their infringement, through activities such as providing the design for infringing window coverings and facilitating the manufacture and importation of infringing window coverings in a manner that directly infringes the 722 patent. Moreover, The Headrail Defendants have actively induced infringement of the method claims of the 722 patent by providing the No-Tools Headrail, along with instructions on how to use it in a manner that constitutes direct infringement of the 722 patent. Upon information and belief, The Headrail Defendants induce such infringing acts and know or are willfully blind to the fact that their actions would induce infringement of the 722 Patent. The Headrail Defendants had actual notice of the 722 patent at least upon the receipt of a cease-and-desist letter which was sent by email September 21, 2021.

56. In addition, The Headrail Defendants have contributed to, and continue to contribute to, infringement of at least one claim of the 722 Patent under 35 U.S.C. § 271(c) through The Headrail Defendants' providing the design for infringing window coverings to Select Blinds and through facilitating the manufacture and importation of infringing window coverings and components thereof which are for sale and offered for sale within the United States, constituting a material part of the inventions claimed in the 722 Patent, knowing the same to be especially made or adapted for use in infringement of the 722 Patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use.

57. Plaintiffs make this preliminary and exemplary identification of infringing products and infringed claims without the benefit of discovery or claim construction in this action, and expressly reserve the right to augment, supplement, and revise their contentions based on additional information obtained through discovery or otherwise.

## Count II - INFRINGEMENT OF THE 449 PATENT

58. Plaintiffs repeat and re-allege paragraphs 1 – 57 above as if fully set forth herein.

59. The Headrail Defendants, on information and belief, have directly or indirectly infringed one or more claims of the 449 patent either literally or under the doctrine of equivalents, under 35 U.S.C. §§ 271(a), (b), and/or (c), by designing, marketing, manufacturing, importing, selling, and/or offering for sale window coverings that infringe one or more claims of the 449 patent. These window coverings include, but are not limited to, the Select Blinds No-Tools Headrail System.

60. With regard to direct infringement, The Headrail Defendants have directly infringed, and continue to directly infringe, at least one claim of the 449 Patent under 35 U.S.C. § 271(a) by making, using, selling, offering for sale and/or importing headrails of window coverings and components thereof within the United States, either directly or through their subsidiaries, agents, and/or affiliates, and/or by importing headrails of window coverings and components thereof into the United States, either directly or through their subsidiaries, agents, and/or affiliates. Exhibit D to this Complaint is a claim chart setting forth a non-limiting example of The Headrail

Defendants' infringement of claim 1 of the 449 patent, based on Plaintiffs' current information and belief.

61. With regard to indirect infringement, The Headrail Defendants have actively induced, and continue to actively induce, infringement of at least one claim of the 449 Patent under 35 U.S.C. § 271(b) by, among other things, actively and knowingly aiding and abetting others (including Select Blinds and Hunter Douglas' authorized dealers and retailers, consumers, and end users) to infringe the 449 patent with the specific intent to encourage their infringement, through activities such as, on information and belief, providing the design for infringing headrails of window coverings and facilitating the manufacture and importation of headrails of window coverings in a manner that directly infringes the 449 patent. Upon information and belief, The Headrail Defendants induce such infringing acts and know or are willfully blind to the fact that their actions would induce actual infringement of the 449 Patent. The Headrail Defendants had actual notice of the Patents-in-Suit at least upon the receipt this Complaint.

62. Further regarding indirect infringement, The Headrail Defendants have contributed to, and continue to contribute to, infringement of at least one claim of the 449 Patent under 35 U.S.C. § 271(c) through, on information and belief, providing the designs for and facilitating the manufacture and importation of Select Blinds' No-Tools Headrail and components thereof. The Headrail Defendants, on information and belief, direct or at a minimum encourage Select Blinds to sell and offer to sell within the United States and/or import into the United States headrails of window coverings and components thereof, constituting a material part of the inventions claimed in the 449 Patent, knowing the same to be especially made or adapted for use in infringement of the 449 Patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use.

63. Plaintiffs make this preliminary and exemplary identification of infringing products and infringed claims without the benefit of discovery or claim construction in this action, and expressly reserve the right to augment, supplement, and revise their contentions based on additional information obtained through discovery or otherwise.

## **COUNT III - INFRINGEMENT OF THE 668 PATENT**

64. Plaintiffs repeat and re-allege paragraphs 1 – 63 above as if fully set forth herein.

65. The Hub Defendants and The Utah Hunter Douglas Gallery Dealer Defendants, on information and belief, have directly or indirectly infringed one or more claims of the 668 patent either literally or under the doctrine of equivalents, under 35 U.S.C. §§ 271(a), (b), and/or (c), by designing, marketing, manufacturing, importing, selling, and/or offering for sale devices for connecting with and controlling window coverings that directly infringe one or more claims of the 668 patent. These accused devices for connecting to and controlling window coverings include, but are not limited to, the Hunter Douglas PowerView® Hub and the Otto Wi-Fi Bridge.

66. With regard to direct infringement, The Hub Defendants and The Utah Hunter Douglas Gallery Dealer Defendants, have directly infringed, and continue to directly infringe, at least one claim of the 668 Patent under 35 U.S.C. § 271(a) by making, using, selling, offering for sale and/or importing devices to connect to and control window coverings and components thereof within the United States, and/or by importing devices to connect to and control window coverings and components thereof into the United States. Exhibits F and G to this Complaint are charts explaining non-limiting examples of The Hub Defendants' and The Utah Hunter Douglas Gallery Dealer Defendants' infringement, based on Plaintiffs' current information and belief.

67. With regard to indirect infringement, The Hub Defendants and The Utah Hunter Douglas Gallery Dealer Defendants have induced, and continue to induce, infringement of at least one claim of the 449 Patent under 35 U.S.C. § 271(b) by, among other things, actively and knowingly aiding and abetting others (including Hunter Douglas' authorized dealers and retailers, Hunter Douglas subsidiaries, consumers, and end users) to directly infringe the 668 patent with the specific intent to encourage their infringement, through activities such as marketing infringing products, distributing promotional and product literature for infringing devices to connect to and control window coverings, and offering technical support and services for infringing devices used to connect to and control window coverings that are designed to instruct, encourage, enable, and facilitate the use of the devices to connect to and control window coverings in a manner that infringes the 668 patent. Upon information and belief, The Hub

16

Defendants and The Utah Hunter Douglas Gallery Dealer Defendants induce such infringing acts and know or are willfully blind to the fact that their actions would induce actual infringement of the 668 Patent. The Hub Defendants and The Utah Hunter Douglas Gallery Dealer Defendants had actual notice of the Patents-in-Suit at least upon the receipt this Complaint.

68. Further regarding indirect infringement, The Hub Defendants and The Utah Hunter Douglas Gallery Dealer Defendants have contributed to, and continue to contribute to, infringement of at least one claim of the 668 Patent under 35 U.S.C. § 271(c) through The Hub Defendants' and The Utah Hunter Douglas Gallery Dealer Defendants' sale and offers to sell within the United States and/or importation into the United States of devices to connect to and control window coverings and components thereof, constituting a material part of the inventions claimed in the 668 Patent, knowing the same to be especially made or adapted for use in infringement of the 668 Patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use.

69. Plaintiffs make this preliminary and exemplary identification of infringing products and infringed claims without the benefit of discovery or claim construction in this action, and expressly reserve the right to augment, supplement, and revise their contentions based on additional information obtained through discovery or otherwise.

## **DEMAND FOR JURY TRIAL**

70. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs request a trial by jury of all issues so triable.

## **PRAYER FOR RELIEF**

A. WHEREFORE, Hall Labs and SmarterHome request the following relief:

B. Judgment in favor of Plaintiffs that Hunter Douglas N.V., Hunter Douglas Industries B.V., and Hunter Douglas Inc. have infringed one or more claims of at least one of the 722 and 449 patents;

    C.  Judgment requiring Hunter Douglas N.V., Hunter Douglas Industries B.V., and Hunter Douglas Inc., to pay Plaintiffs' damages adequate to compensate for their infringement under 35 U.S.C. § 284, which damages in no event shall be less than a reasonable royalty for the use made of the inventions of the 722 and 449 patents, including supplemental damages for any continuing post-verdict infringement up until the entry of judgment, with an accounting, as needed, pre- and post-judgment interest and costs, including expenses and disbursements.

    D.  Judgment declaring defendants' infringement to be willful and requiring Hunter Douglas N.V., Hunter Douglas Industries B.V., and Hunter Douglas Inc., to pay Plaintiffs' treble damages for such willful infringement under 35 U.S.C. § 285;

    E.  Judgment in favor of Plaintiffs that Hunter Douglas N.V., Hunter Douglas Industries B.V., Hunter Douglas Inc., Hunter Douglas Fabrication Company, Levolor, Inc., Timberblinds, LLC, and The Utah Hunter Douglas Gallery Dealer Defendants, have infringed one or more claims of the 668 patent;

    F.  Judgment requiring Hunter Douglas N.V., Hunter Douglas Industries B.V., Hunter Douglas Inc., Hunter Douglas Fabrication Company, Levolor, Inc., Timberblinds, LLC, and The Utah Hunter Douglas Gallery Dealer Defendants, to pay Plaintiffs' damages adequate to compensate for their infringement under 35 U.S.C. § 284, which damages in no event shall be less than a reasonable royalty for the use made of the inventions of the 668 patent, including supplemental damages for any continuing post-verdict infringement up until the entry of judgment, with an accounting, as needed, pre- and post- judgment interest and costs, including expenses and disbursements.

    G.  Judgment declaring defendants' infringement to be willful and requiring Hunter Douglas N.V., Hunter Douglas Industries B.V., Hunter Douglas Inc., Hunter Douglas Fabrication Company, Levolor, Inc., Timberblinds, LLC, and The Utah Hunter Douglas Gallery Dealer Defendants, to pay Plaintiffs' treble damages for such willful infringement under 35 U.S.C. § 285;

H. Judgment declaring this case exceptional under 35 U.S.C. § 285 and awarding Plaintiffs their reasonable attorney's fees; and

I. Any and all such further necessary relief as the Court may deem just and proper.

Dated this 27 day of June 2022.

        WASATCH-IP, A PROFESSIONAL CORP.

        By: /s/ Charles L. Roberts
        Charles L. Roberts (5137)
        2825 E. Cottonwood Parkway, Suite 500
        Salt Lake City, UT 84121
        Telephone: (801) 292-5300
        E-mail: croberts@wasatch-ip.com

        Gray E. Petty (13838)
        3000 Sierra Vista Parkway, Provo, UT 84606
        Telephone: (801) 673-7070
        E-mail: gpetty@halllabs.com

        *Attorneys for Hall Labs, LLC and SmarterHome, Inc.*